UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ISRAEL IRIARTE, on behalf of himself and
others similarly situated

                                                                           MEMORANDUM
                                                                           and ORDER
                          Plaintiff,                              CV-07-5062 (FB)(SMG)

    -against-

REDWOOD DELI AND CATERING, INC.,

                          Defendant.
---------------------------------------------------------------X
GOLD, S., U.S.M.J.:

       Plaintiff Israel Iriarte brings this action on behalf of himself and all similarly situated employees of defendant, seeking unpaid wages allegedly owed pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and New York State Labor Law. Plaintiff alleges that defendant Redwood Deli and Catering, Inc. paid him a fixed weekly rate while he was working approximately sixty-four hours a week, and that his salary remained the same even though his hours fluctuated. He thus argues that he is owed overtime pay. Defendant denies the allegations.

       Plaintiff moves for an order (1) conditionally certifying this action as a collective action on behalf of all persons employed by Redwood Deli in any non-managerial position during the last three years, (2) authorizing an "opt-in" notice of this action to all employees within the class, and approval of a proposed notice, and (3) compelling production by the defendant of relevant information identifying individuals within the proposed class.[1] Defendant both objects to

---

[1]Although not raised as an issue by the parties, I note that, as a Magistrate Judge, I have the authority to order the relief sought in this case, and am not confined to issuing a Report and Recommendation. Federal law permits "a magistrate to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). There are certain exceptions, including a

certification and seeks modification to the notice and opt-in form proposed by plaintiff in the event certification is granted.

*Certification of the Collective Action*

"Under the FLSA, employers are required to compensate covered employees for all the work performed, including overtime, in order to remedy 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for the health efficiency, and general well-being of workers.'" *Bowens v. Atlantic Maintenance Corp.*, 2008 WL 1827439, at *23 (E.D.N.Y. Apr. 23, 2008) (*quoting* 29 U.S.C. §§ 202(a), 207(a)(1)). Employees may bring an action against the employer to "'recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions.'" *Id.* (*quoting Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997)).

Section 216(b) of FLSA provides that "one or more employees" may move to have their case certified as a collective action "for and in behalf of . . . themselves and other employees similarly situated." *See also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003). Upon granting conditional certification, the court may authorize an FLSA plaintiff to provide written notice to potential plaintiffs of their right to join in the action. *Id.* at 104. After receiving the written notice, employees who seek to join the collective action "must 'opt in' and consent in writing." *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *1 (S.D.N.Y.

---

motion "to dismiss or to permit maintenance of a class action . . . ." *Id.* Plaintiff seeks conditional certification of a collective action notice pursuant to FLSA, which is governed by a more lenient standard than class certification, and has been held to be within the authority of a Magistrate Judge to decide. *See Mazur v. Olek Lejbzon & Co.*, 2005 WL 3240472, at *2 n.1 (S.D.N.Y. Nov. 30, 2005). *See also Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y 2005).

2

Feb. 2, 2006). "[O]nly potential plaintiffs who 'opt-in' can be 'bound by the judgment' or 'benefit from it.'" *Gjurovich*, 282 F. Supp. 2d at 104.

Courts have broad discretion over whether to grant certification, what discovery to allow, and what form of notice to provide. *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008). Certification of a collective action "is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated," and "merely provides an opportunity for potential plaintiffs to join." *Bowen*, 2008 WL 1827439, at *23 (*citing Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005); *Gjurovich,* 282 F. Supp. 2d at 104). "After discovery, . . . the court examines with a greater degree of scrutiny whether the members of the plaintiff class – including those who have opted in – are similarly situated." *Laroque v. Domino's Pizza, LLC*, 2008 WL 2303493, at *4 (E.D.N.Y. May 30, 2008) (*citing Jacobs v. New York Foundling Hospital*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007)).

To proceed with a collective action, "[t]he named plaintiff must . . . show that he is similarly situated to the prospective plaintiffs who would benefit from notice of the right to join." *Bowens*, 2008 WL 1827439, at *22. Although neither FLSA nor its implementing regulations define the term "similarly situated," courts in this Circuit "have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Morales*, 2006 WL 278154, at *2 (*quoting Hoffmann*, 982 F. Supp. at 261); *see also Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("Generally, at the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."). To determine whether this minimal burden has

3

been met, courts consider the "'(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class.'" *Laroque*, 2008 WL 2303493, at *5 (*quoting Guzman v. VLM, Inc.*, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007)). "Courts regularly grant motions for approval of a collective action notice 'based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.'" *Sobczak v. AWL Industries, Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007).

Plaintiff contends that he was paid the same weekly salary regardless of the number of overtime hours he was required to work during any given week. Pl.'s Mem, 4/24/08, at 6-7. Plaintiff further contends that it was defendant's practice to deny overtime, and argues that this is demonstrated by defendant's failure to keep records for any of its employees. Pl.'s Mem., 4/24/08, at 5. To establish defendant's failure to keep records, plaintiff points to defendant's discovery responses. In response to plaintiff's request for the "procedures and methods by which [the defendant's] company records the time and/or hours worked by its employees," defendant stated that, during the time when plaintiff was employed, "employees recorded their own time on a weekly time sheet which was overseen by the supervisors . . . ." Pl.'s Mem., 4/24/08, Ex. A, Response to Interrogatory 4. Defendant was unable, however, to state the total amount plaintiff was paid for overtime hours worked, or the total amount of wages plaintiff was paid during each pay period he was employed by defendant. Pl.'s Mem., 4/24/08, Ex. A, Response to Interrogatory 2. Moreover, defendant indicated in its discovery responses that it has no documents reflecting plaintiff's wages, salary or hours worked. Pl.'s Mem., 4/24/08, Ex. A,

4

Response to Request for Documents 1. Plaintiff concludes from this assertion that defendant kept no records of the hours worked or wages received by any of its employees. Finally, plaintiff has submitted an affidavit stating that he observed other employees who were doing work that was the same or similar to his and who were working more than forty hours per week without being paid the proper overtime wages or receiving wage statements. Pl.'s Mem., 5/8/08, Ex. A, Iriarte Aff. ¶ 5.

Defendant contends that plaintiff has failed to provide sufficient evidence to establish that he is similarly situated to other employees. Although not disputing plaintiff's allegation that it lacks written documentation of the wages it paid to its employees or the hours they worked, defendant argues that a lack of records does not necessarily indicate a failure to pay wages due under the law.

While it is true that plaintiff has not provided documentary support for his contentions, that is hardly surprising in light of defendant's failure to maintain records and produce them in discovery. *See, e.g.*, *Bowens*, 2008 WL 1827439, at *24 (noting that the case rested "on allegations of time worked 'off the clock,'" and that "[i]t would be highly unusual for a defendant who did require its employees to work off the clock to keep records of that time."). Furthermore, although plaintiff has not identified any other employees who seek to opt in, this is not fatal in light of defendant's failure to keep proper records, the allegations plaintiff makes in his affidavit about observing fellow employees working overtime without proper compensation, and the minimal burden required for certification as a collective action. Moreover, the case relied on in opposition to certification by defendant, *Prizmic v. Armour, Inc*, 2006 WL 1662614, at *3 (E.D.N.Y. 2006), is distinguishable. In *Prizmic*, the Court declined to certify a class based

on an unsupported allegation in the plaintiff's complaint that he and his co-workers were denied overtime compensation by their employer. Although the court noted that plaintiff, as here, failed to identify any additional potential plaintiffs, it also pointed out that plaintiff had "made only general allegations in his complaint," and had "not submitted *any evidence by affidavit or otherwise* to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law." *Id.* at *3 (emphasis added). Here, in contrast, plaintiff has presented evidence, in the form of his own affidavit and defendant's discovery responses, indicating that he and other plaintiffs did not receive the wages to which they were entitled by law.

As stated above, plaintiff's burden is minimal, and courts have authorized collective actions under circumstances comparable to those presented here. *Compare Bowens*, 2008 WL 1827439, at *24 (certifying a collective action where plaintiff submitted a declaration confirming that other workers were not paid), *Patton*, 364 F. Supp. 2d at 267, *and Sobczak*, 540 F. Supp. 2d at 362-63, *with Prizmic*, 2006 WL 1662614, at *3 *and Morales*, 2006 WL 278154, at *3 (denying certification because "plaintiffs have offered only a conclusory allegation in their complaint; they have offered nothing of evidentiary value"). I therefore conclude that plaintiff's allegations are sufficient to warrant certification of this matter as a collective action.

*Form of Notice*

Plaintiff has submitted a proposed notice for approval by the court. Defendant has submitted suggested revisions to plaintiff's notice. I consider the parties' competing proposals below, keeping in mind that "[t]he form of a court-authorized notice and provisions contained in it are left to the broad discretion of the trial court." *Sobczak*, 540 F. Supp. 2d at 364.

The notice proposed by plaintiff closely follows the one approved by the Court in *Gjurovich*, 282 F. Supp. 2d at 109-111. I therefore conclude that plaintiffs's proposed notice is generally proper. However, some of the proposals made by defendant should be incorporated into the notice, and those are discussed below.

Defendant requests that plaintiff's name be included in the notice. Def.'s Mem. 5. Plaintiff provides no reason why his name should not appear, and knowing the identity of the lead plaintiff may help individuals receiving the notice decide whether or not to opt in. Plaintiff's name should therefore be added to the notice *See, e.g., Sobczak*, 540 F. Supp. 2d at 366 (including plaintiff's name in the notice). *But see Gjurovich*, 282 F. Supp. 2d at 104, 109 (approving a notice that did not include the name of the plaintiff).

Defendant also seeks to change the definition of the class. Plaintiff proposes to limit the class to those employees who did not receive overtime compensation and spent no more than fifty percent of their time in managerial functions. Defendant seeks to further narrow the definition by including only those who were paid on a weekly, and not hourly, basis and did not receive tips. I decline to modify the class definition as defendant suggests, because it is not clear to me that individuals who were paid on an hourly basis, but received their pay once per week, would consider themselves to have been paid on an hourly rather than weekly basis. Moreover, there is no reason to exclude those who received tips at this early stage of the litigation; any tip income received may have been minimal.

Defendant also proposes adding its counsel as someone potential class members with questions may contact for further information. However, language directing employees to plaintiff's counsel "appears to be standard." *Bowens*, 2008 WL 1827439, at *26 (*citing*

*Gjurovich*, 282 F. Supp. 2d at 110-11; *Hallissey v. America Online, Inc.*, 2008 WL 465112, at *3 (S.D.N.Y. Feb.19, 2008); *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007)). Moreover, limiting the provision to plaintiff's counsel seems most appropriate under these circumstances, where those deciding to opt in are likely to be represented by plaintiff's counsel, and in any event certainly will not be represented by counsel for the defendant. I do agree, however, that defendant's suggestion that an additional heading, "Right to Retain Other Counsel," adds clarity and should be included.

Finally, although plaintiff proposed that individuals deciding to opt in forward their completed consent forms to his counsel, "recent decisions have held that such a provision improperly discourages class members from seeking outside counsel and thus, courts have directed that Consent Forms be sent to the Clerk of Court." *Bowens*, 2008 WL 1827439, at *26 *(quoting Hallissey v. America Online, Inc*., 2008 WL 465112, at *4; *Guzman v. VLM, Inc*., 2007 WL 2994278, at *9). Therefore, the Notice should be amended to provide that consent forms be sent to the Clerk of Court.

For the convenience of the parties, a version of the notice with the amendments above plus some additional minor changes suggested by defendant is attached as an appendix.

*Identities of Potential Plaintiffs*

Defendant is directed to produce, within ten business days of the date of this order, the names and last known addresses of all individuals who worked at Redwood Deli and Catering,

8

Inc. at any time within the last three years and who are within the proposed class.

                                                         So Ordered.

                                                        /s/
                                          STEVEN M. GOLD
                                          United States Magistrate Judge

Brooklyn, New York
June 30, 2008

# APPENDIX

# NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit.

The lawsuit at issue was filed on December 5, 2007, by named plaintiff ISRAEL IRIARTE, against the Defendant, REDWOOD DELI AND CATERING, INC., in the United States District Court for the Eastern District of New York, Case No. 07-CV-5062. The Plaintiff alleges that the defendant violated the Federal Fair Labor Standards Act by not paying eligible employees time and one-half, or overtime compensation, for all hours worked in excess of 40 hours in a week. The lawsuit is seeking back pay and double liquidated damages from the defendant, as well as costs and attorneys fees to compensate such eligible employees, as well as costs and attorney's fees. The Defendant denies the Plaintiffs allegations, and denies that it is liable to the Plaintiff for any of the back pay, damages, costs or attorney's fees sought.

1. COMPOSITION OF THE CLASS

The named Plaintiff, Israel Iriarte, seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, the Plaintiff seeks to sue on behalf of any and all employees who have worked at Redwood Deli and Catering, Inc. at any time within the three years preceding the present date (or who are currently employed there), and who worked in a position in which they:

a. Did not receive overtime compensation at the rate of time and one-half for any work they performed in excess of forty (40) hours each week; and

b. Spent no more than fifty percent (50%) of their time in management functions and also were not "in charge " of a regular department of the store.

## 2. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, you may join this case (that is, you may "opt-in") by completing and mailing the attached "Consent to Become Party Plaintiff" form to the Plaintiff's counsel at the following address:

Robert L. Kraselnik, Esq.
Law Offices of Robert L. Kraselnik, PLLC
40 Wall Street, 28th Floor
New York, NY 10005

The form must be sent to the Plaintiffs counsel in sufficient time to have Plaintiffs counsel file it with the federal court on or before [insert date that is 60 days from date of notice mailing]. If you fail to return the Consent to Become Party Plaintiff form to the Plaintiffs counsel in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate in this lawsuit.

## 3. EFFECT OF JOINING THIS CASE

If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable. You may also be responsible for your proportional share of Plaintiffs' costs associated with this lawsuit other than attorneys' fees, and for potential counterclaims which could be asserted against you by Redwood Deli and Catering, Inc., the Defendant.

The attorney for the class Plaintiff is being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If you sign and return the Consent to Become Party Plaintiff form attached to this Notice, you are agreeing to designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the Plaintiff with counsel, and to determine the adequacy of the Plaintiffs counsel.

## 4. RIGHT TO RETAIN OTHER COUNSEL

Furthermore, you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an "opt-in " consent form by [insert date that is 60 days from date of notice mailing].

## 5. TO STAY OUT OF THE LAWSUIT

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the case in any way and will not be bound by or affected by the result (whether favorable or unfavorable). Your decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the alleged violation, unless the employer's violation of the law was "willful, " in which case the claim must be brought within 3 years.

## 6. NO RETALIATION PERMITTED

Federal law prohibits defendant Redwood Deli and Catering, Inc. from discharging or in any other manner discriminating against you because you "opt-in " to this case, or have in any other way exercised your rights under the Fair Labor Standards Act.

## 7. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, and agree to be represented by the named Plaintiff through his attorney, your counsel in this action will be:

Robert L. Kraselnik, Esq.
Law Offices of Robert L. Kraselnik, PLLC
40 Wall Street, 28th Floor
New York, NY 10005

## 8. COUNSEL FOR REDWOOD DELI AND CATERING, INC.

The attorney for the Defendant Redwood Deli and Catering, Inc. is:

Arthur H. Forman, Esq.
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

If you decide to join this case, you should not contact the Defendant's lawyer directly yourself.

## 9. FURTHER INFORMATION

Further information about this Notice, the deadline for filing a Consent to Become Party Plaintiff, or answers to questions concerning this lawsuit may be obtained by writing or phoning the Plaintiffs' counsel at the telephone number and address stated in Paragraph 7 above.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL

DISTRICT COURT, HONORABLE STEVEN M. GOLD, UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANT'S DEFENSES.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ISRAEL IRIARTE, on behalf of himself and
others similarly situated

                                                                                 **CONSENT TO BECOME PARTY PLAINTIFF**

                                Plaintiff,                   CV-07-5062 (FB)(SMG)

     -against-

REDWOOD DELI AND CATERING, INC.,

                                Defendant.
---------------------------------------------------------------X

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and so designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with the Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73,1 also voluntarily consent to have United States Magistrate Steven M. Gold conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

_____
Signature

_____
Telephone Number

_____
Print your name

_____
_____
_____

Street Address
City, State, Zip

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT BY [insert date that is 60 days from date of notice mailing] to:

Clerk of the Court
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

U:\ASB 2007-2008\Iriarte v. Redwood FINAL.wpd